UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



PRODUCE ALLIANCE, et al.,

        Plaintiffs,

v.

        Civil Action No. 2:10cv198

LET-US PRODUCE, et al.,

        Defendants.

## MEMORANDUM OPINION

This matter is before the court on a motion to reconsider filed by plaintiff/claimant Poppell's Produce, Inc. ("Poppell's"). On July 1, 2011, this court issued an Opinion disallowing Poppell's trust claim under The Perishable Agricultural Commodities Act ("PACA"). The court's ruling was based on Poppell's failure to satisfy the statutory and regulatory requirements to preserve PACA trust benefits after having modified PACA payment terms through an express written agreement. Poppell's argues on reconsideration that the written agreement relied on by the court in its prior ruling fails to satisfy PACA's requirements governing the modification of payment terms. For the reasons set forth below, the motion for reconsideration is **GRANTED**, and upon reconsideration, the court finds that Poppell's has advanced a valid PACA claim. Accordingly, Poppell's motion for interim distribution is **GRANTED**.

### I. Factual and Procedural Background

The factual and procedural background of this matter, as well as a background on the PACA regulatory scheme, are discussed at length in this court's prior opinions dated March 31, 2011, and July 1, 2011. Such discussions are incorporated by reference herein. Summarizing the court's March 31, 2011 Opinion, the PACA regulatory scheme provides a default credit term of

10-days. PACA permits produce sellers to extend credit for up to 30 days if the agreement to extend the credit term is <u>in writing</u>. Oral agreements to modify credit terms are unenforceable and thus fail to alter the default PACA payment period. Summarizing the court's July 1, 2011 Opinion, the statutory and regulatory scheme mandates that <u>if</u> a produce seller and buyer modify PACA credit terms <u>by express written agreement</u>, such contractually altered payment terms must appear on all subsequent produce invoices or the seller losses its PACA trust rights.

This court's July 1, 2011 Opinion disallowed Poppell's PACA trust claim because it appeared that Poppell's and Let-Us Produce entered into a written agreement modifying payment terms, and Poppell's thereafter failed to reproduce the contractually modified payment terms on its invoices. Poppell's now seeks reconsideration of such ruling, arguing that the court was mistaken as to a material fact because the writing relied on by the court was never signed by Let-Us Produce. SunTrust Bank ("Sun Trust") opposes Poppell's motion to reconsider, arguing that Poppell's should either be estopped from challenging the validity of the agreement or deemed to have waived such challenge by not raising it at an earlier time. This matter is fully briefed and ripe for review.

## II. Analysis

After reviewing the briefs and record, the court acknowledges that it made a factual error by previously stating that the written "agreement" submitted by Poppell's was signed by Let-Us Produce's office manager.[1] The court misinterpreted such document because it viewed the

---

[1] This court retains broad discretion to revisit its prior interlocutory ruling. <u>See</u> Fed. R. Civ. P. 54(b); <u>Perry-Bey v. City of Norfolk, Va.</u>, 678 F. Supp. 2d 348, 374 (E.D. Va. 2009). Accordingly, the pending motion may be addressed without reference to the "strict standards applicable to motions for reconsideration of a final judgment." <u>American Canoe Ass'n v. Murphy Farms, Inc.</u>, 326 F.3d 505, 514 (4th Cir. 2003).

purported agreement in isolation, and the signature block of the writing states that it was signed by "Janet Hatten," who has the title of "Office Manager" for the company "Let Us Produce, Inc." However, Poppell's sworn declaration to which the "agreement" was originally attached was submitted by Janet Hatten, and identifies her as the Office Manager for Poppell's Produce, not Let-Us Produce. Unfortunately, the declaration and the exhibit were separated by the court, leading the court to rely on the apparent representation in the agreement that Ms. Hatten was a manager for Let-Us Produce.

SunTrust does not challenge Poppell's factual assertion that the "agreement" was never signed by Let-Us Produce, but instead argues that Poppell's should be estopped from challenging its own exhibit. Poppell's initially submitted the written "agreement" as proof that Poppell's and Let-Us Produce modified, in writing, the default PACA payment terms. See (Dkt. No. 53 ¶ 3) (claiming that Poppell's sales to Let-Us Produce were made on "21-day written payment terms" and that a copy of "the written agreement . . . providing for such payment terms" was attached). However, because this court's prior rulings reveal that Poppell's actually benefits from the lack of a written agreement, Poppell's now argues that its own exhibit fails to satisfy PACA's "writing requirement."

Although the court has reservations regarding the briefs filed by Poppell's counsel and the shifting legal position it has taken herein, the court did make a factual mistake that directly impacted the court's analysis regarding the legal force of the writing at issue. Accordingly, the appropriate course of action at this juncture is to reconsider whether the exhibit before the court effectively modifies the default PACA payment terms. See 7 U.S.C. § 499e(c) (requiring that modifications to the default payment terms be "expressly agreed to in writing"). As Poppell's

3

does not appear to have taken a varying <u>factual</u> position regarding the signatories on the "agreement," SunTrust fails to demonstrate that Poppell's should be estopped from advancing the argument set forth in the motion for reconsideration.[2] Furthermore, as the motion for reconsideration seeks to correct the court's mistake regarding evidence already in the record, it is appropriate for Poppell's to seek reconsideration based on the corrected facts.[3]

Having reconsidered the writing at issue, the court finds that the "agreement" signed by Janet Hatten of Poppell's does not qualify as a prior written agreement based on the express language contained therein. As discussed in Part II.B of this opinion, although the court has some reservations regarding Poppell's shift in legal position, it is far more concerned with Poppell's counsel's later efforts to obfuscate such shift. However, notwithstanding such

---

[2] SunTrust argues that Poppell's should be "equitably estopped" from challenging its own exhibit; however, SunTrust fails to even cite the legal standard setting forth the elements of equitable estoppel. The court independently reviewed the legal standards for both equitable and judicial estoppel and finds that neither test is satisfied here. Notably, although Poppell's plainly reversed course mid-litigation based on an interim ruling of the court, there is no evidence indicating that Poppell's intentionally misled the court or other litigants regarding the facts surrounding the alleged written agreement. <u>See</u> <u>Zinkand v. Brown</u>, 478 F.3d 634, 638 (4th Cir. 2007) (indicating that judicial estoppel applies when a party takes inconsistent factual positions and intentionally misleads the court). Furthermore, Poppell's never took an inconsistent <u>factual</u> position; rather, it first argued that the exhibit it submitted was legally sufficient to satisfy PACA's writing requirement and later argued that the same document was legally insufficient to satisfy the same. Although the purpose of judicial estoppel is "to prevent a party from playing fast and loose with the courts," <u>id.</u>, and the court questions the manner in which Poppell's counsel characterized Poppell's shift in position, the court nevertheless finds that SunTrust fails to demonstrate that the instant circumstances rise to the level necessary to warrant the application of equitable or judicial estoppel.

[3] SunTrust argues, without citation to case law, that Poppell's should not be permitted to use the motion to reconsider as a vehicle to introduce additional facts that could have previously been raised. Poppell's present position, however, is limited to reconsideration of facts that were already part of the record. Furthermore, for the same reasons that the court was lenient with the procedural rules regarding SunTrust's late opposition to the motion for reconsideration, it is appropriate here to consider the <u>corrected facts</u> in the record even if Poppell's could have more effectively clarified such facts at an earlier date.

concerns, the express language of the agreement compels the court to find that Poppell's and Let-Us Produce never entered into an express <u>written</u> agreement modifying PACA payment terms.

### A. The Written "Agreement"

As discussed at length in this court's prior written opinions, an express written agreement is required to modify PACA credit terms. 7 U.S.C. § 499e(c); <u>see</u> 7 C.F.R. § 46.46(e) (indicating that parties must "reduce their agreement to writing" in order to modify PACA credit terms). Absent such a writing, for the reasons stated in detail in Part II.C of this court's March 31, 2011 Opinion, Poppell's Produce has a valid PACA trust claim.[4] Accordingly, on reconsideration, the court must determine whether the "agreement" before the court qualifies as an express written agreement pursuant to PACA.

There is no dispute that Let-Us Produce and Poppell's entered into an <u>oral</u> agreement to extend credit terms for produce sales to twenty-one days. However, the only writing that speaks to such issue is a document on Poppell's letterhead that is most accurately described as a written offer to extend credit under the stated terms. The document states: (1) that credit "<u>will be</u> extended" to Let-Us produce on twenty-one day terms; (2) that Let-Us Produce should "<u>sign</u>, date, and fax th[e] form back to Poppell's," and that <u>after it does</u>, Let-Us Produce's account "<u>will proceed</u> to an open status"; and (3) that signing of the form indicates that the signer has "read and understand[s] all of the above" and "<u>agree[s] to abide by set guidelines established for [the signer's] company</u>." (Dkt. No. 53 Exh. A) (emphasis added). Such offer to extend credit, which was written by Poppell's, was also signed at the bottom by Poppell's. Let-Us Produce never

---

[4] Poppell's, like the majority of the claimant's in this case, provided "invoice notice" of its intent to preserve its PACA trust rights.

signed such document, never dated it, never faxed it back to Poppell's, and thus never <u>agreed in writing</u> to abide by the terms set forth therein. Accordingly, such written offer was never accepted and does not constitute an express written agreement to modify PACA credit terms.[5] Poppell's, therefore, has a valid PACA trust claim.

### B. Poppell's Reply Brief

Notwithstanding the analysis above, the court nearly reached the opposite conclusion based on the manner in which Poppell's counsel handled the instant dispute. Not only does the court have reservations about the propriety of Poppell's attack on its own exhibit, but Poppell's reply brief is at best inaccurate and at worst disingenuous. The court ultimately concluded that the proper resolution should be constrained to the corrected facts and not dictated by counsel's questionable actions. Although the merits favor Poppell's, its lawyer's handling of this matter is cause for concern by the court.

Poppell's reply brief argues that Poppell's has been consistent in its position, always maintaining that the written "agreement" was only signed by Poppell's own office manager. Although it is true that Poppell's never asserted that Let-Us Produce signed such document, the exhibit was submitted <u>by Poppell's</u> as written proof that Let-Us Produce and Poppell's had modified the default PACA terms. Poppell's, having since learned that the validity of such writing works to its detriment, drastically switched course and argued that its own exhibit is

---

[5] The court need not reach the issue of whether a writing signed by Poppell's that expressly referenced and confirmed the oral agreement would have been sufficient to satisfy PACA's writing requirement because no such document exists in this case. Rather, the language of the writing before the court clearly indicates that an agreement would not be finalized until such document was signed by Let-Us Produce. As Let-Us Produce never signed the writing, no written agreement was ever reached.

legally insufficient to modify PACA payment terms. Although such a switch in legal positions appears permissible, to argue that Poppell's has never varied its position is at best a creative mincing of words, and at worst a mischaracterization of the facts, especially when considering the reason that Poppell's first submitted such document.

Poppell's reply brief not only unconvincingly argues that Poppell's position has remained consistent, but also goes on the offensive, erroneously contending that "it is SunTrust who has reversed itself." (Dkt. No. 208 at 1). Poppell's provides an abbreviated excerpt from one of SunTrust's prior filings in an apparent effort to demonstrate that SunTrust previously challenged the validity of Poppell's exhibit. However, one need only read the two sentences of SunTrust's filing that follow the abbreviated quote excised by Poppell's counsel to realize that SunTrust never attacked the validity of the writing. On the contrary, SunTrust actually assumed its validity in order to challenge Poppell's failure to comply with PACA requirements that are only triggered once a writing is in place. SunTrust's initial challenge to Poppell's proof of claim states:

> SunTrust objects to this claim because the payment terms governing the transactions at issue are greater than ten days from acceptance of the produce and the parties have not entered into a written agreement that validly extends the due date of the payment. Among the requirements of [PACA] is that if the parties agree to payment terms that are more than the default of ten (10) days, these payment terms <u>must be reduced to writing</u> and such terms <u>must be disclosed on the invoices</u>. 7 C.F.R. §§ 46.2(aa)(11), 46.46(e). In this case, Poppell's does not qualify as a so called "trust claim" under PACA <u>because its invoices do not disclose the twenty-one day payment term agreed to by the parties.</u>

(Dkt. No. 125 at 2) (emphasis added).[6] Poppell's counsel thereafter makes matters worse by an even more glaring misstatement, contending that it wasn't until after this court issued its March

---

[6] Poppell's quotes the first sentence in the excerpt above but fails to quote the latter two sentences that provide context to SunTrust's challenge.

31, 2011 Opinion that SunTrust "abandoned" its claim that the writing was unenforceable and "for the first time developed" its argument that the terms on the invoices do not match the terms on the writing. To the contrary, as is readily apparent from the excerpt above, SunTrust's first filing challenging Poppell's PACA claim, submitted in 2010, argued that the invoice credit terms did not match the credit terms agreed to by the parties. Accordingly, it is plain that SunTrust has not altered its position in this litigation. The court is perplexed as to why Poppell's counsel decided to advance such baseless and largely irrelevant attacks on SunTrust, rather than providing a reasoned legal explanation for its position.[7]

### III. Conclusion

For the reasons set forth above, the motion for reconsideration is **GRANTED**. Having corrected a factual error, it is clear to the court that the writing submitted by Poppell's was a written offer that by its terms required Let-Us Produce to sign such writing in order to constitute a written agreement. Because the offer was never accepted in writing, for the reasons discussed in detail in Part II.C this court's March 31, 2011 Opinion, Poppell's has advanced a valid PACA trust claim. Accordingly, upon reconsideration, the court **GRANTS** Poppell's motion for interim distribution of its pro-rata share of funds held in the Let-Us Produce operating account.

---

[7] In addition to the above, Poppell's reply brief appears misguided when suggesting that Poppell's had no reason to brief this issue earlier in the case because SunTrust had only advanced a "cursory" and "ambiguous" objection to Poppell's PACA claim and such limited objection did not implicate the Statute of Frauds. The fact is, SunTrust never raised the Statute of Frauds, ambiguously or unambiguously, and for Poppell's to suggest that SunTrust bears fault for not attacking the validity of Poppell's exhibit is perplexing. Furthermore, the court cannot make sense of counsel's assertion that SunTrust now "unabashedly proffers a fully developed legal analysis" on the validity of the "agreement." (Dkt. No. 208 at 2). Once the validity of the agreement was raised by Poppell's, what should SunTrust's counsel have done other than provide a "fully developed legal analysis" in response?

The Clerk is **REQUESTED** to send copies of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/

Jerome B. Friedman
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 18, 2011